STATE OF NORTH CAROLINA v. ROBERT R. GARDNER

No. 458A87

(Filed 30 June 1988)

1. **Criminal Law § 101.4— bailiff's conversation with juror—after verdict reached and recorded—no prejudice**

    The trial court did not err by denying a mistrial in a prosecution for rape and burglary where a conversation took place between the bailiff and the jury foreman after the verdict was reached but before it was announced in open court. The bailiff's words could not possibly have affected the foreman's view of the evidence presented at trial, nor could the conversation have resulted in harm to defendant.

2. **Criminal Law § 91.7— continuance for absence of witnesses denied—no prejudice**

    There was no prejudice and defendant was not denied his right to have a fair opportunity to present a defense under Art. I, § 23 of the North Carolina Constitution where his oral motion for a continuance until two witnesses for the defense could be present was denied. The proposed testimony was tangential to the central issue of whether defendant raped the victim, was not material to any substantive issue in the case, and evidence on the issue of defendant's guilt was overwhelming.

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from judgment imposing a life sentence entered by *Phillips, J.*, at the 23 March 1987 Criminal Session of Superior Court, ONSLOW County, upon defendant's convictions of first degree rape and first

degree burglary. Defendant's motion to bypass the Court of Appeals for review of his sentence of a term of years imposed upon conviction of first degree burglary was allowed. Heard in the Supreme Court 10 May 1988.

*Lacy H. Thornburg, Attorney General, by Joan H. Byers, Special Deputy Attorney General, for the state.*

*L. Robert Coxe and Charles R. Briggs for defendant appellant.*

EXUM, Chief Justice.

In this appeal defendant contends the trial court erred: (1) by denying his motion for a new trial based on alleged misconduct of the jury foreman; and (2) by denying his motion to continue so that he could call additional witnesses. We conclude defendant received a fair trial free from reversible error.

I.

At trial the prosecutrix testified that defendant woke her in the early morning hours of 26 November 1983. He held a knife to her throat, tied her hands behind her, removed her underwear and engaged in vaginal intercourse with her against her will. After raping her, defendant forced the victim to give him her car keys and a check for two hundred dollars. He then retied her hands and placed some tape over her mouth.

Defendant then left the victim's bedroom and allowed his wife, Lisa Kilgore, to enter the house. Defendant's wife walked to the bedroom, slapped the victim, and demanded to know what she was doing with her husband. When Ms. Kilgore realized the victim was tied and gagged, she asked defendant, her husband, what he was doing. After some conversation Ms. Kilgore and defendant decided to steal the victim's car and credit cards, but they could not agree whether to take the victim with them. They forced the victim to get in the trunk of her car while they continued to argue. Eventually they took her out of the car, retied her to the bed and drove away without her.

After escaping her bonds, the victim went to a neighbor's apartment and called the police. When the police searched the victim's apartment they found defendant's wallet, which contained

his military identification, photographs, and his driver's license. The victim identified defendant as her attacker from the photographs in his wallet.

Lisa Kilgore testified for the state. At the time of the trial, she and defendant were divorced. She testified that on the night of the incident defendant told her he was going to walk to the store. After he had been gone for forty minutes, she went to look for him. She looked through a window in the victim's house, saw her husband and the victim and forced her husband to open the door. Ms. Kilgore testified that after she and defendant left the victim's apartment, defendant realized he had lost his wallet. They returned to the victim's apartment but were unable to find the wallet. Ms. Kilgore and defendant drove to Prattville, Alabama.

Defendant testified in his own behalf. He said he had been playing cards elsewhere at the time of the incident and denied ever having sexual intercourse with the victim. He admitted he had gone to Alabama but denied going there with Lisa Kilgore. He testified he arrived in Alabama with a friend, Norman Perry.

## II.

[1] In his first assignment of error defendant contends the trial court erred by denying his motion for a mistrial based upon a colloquy that took place between the bailiff and the jury foreman after the verdict was reached but before it was announced in open court. We find no merit in this argument.

Generally a motion for mistrial is a matter addressed to the sound discretion of the judge, and absent a showing of abuse of discretion the ruling will not be disturbed on appeal. *State v. Craig*, 308 N.C. 446, 454, 302 S.E. 2d 740, 745 (1983), *cert. denied*, 464 U.S. 908, 78 L.Ed. 2d 247 (1983); *State v. Johnson*, 295 N.C. 227, 244 S.E. 2d 391 (1978). This is so even when the basis of the motion for mistrial is misconduct affecting the jury. *State v. Sneeden*, 274 N.C. 498, 504, 164 S.E. 2d 190, 194 (1968). A new trial will be granted only where a conversation between a third person and a juror *"is of such a character as is calculated to impress the case upon the mind of the juror in a different aspect than was presented by the evidence in the courtroom, or is of such a nature as is calculated to result in harm to a party on*

*trial."* *State v. Johnson*, 295 N.C. 227, 234, 244 S.E. 2d 391, 396 (1978) (emphasis in original). Finally, a trial court is held to have abused its discretion only when "its ruling [is] so arbitrary that it could not have been the result of a reasoned decision." *State v. Thompson*, 314 N.C. 618, 626, 336 S.E. 2d 78, 82 (1985).

In this case the jury had reached its verdicts, the foreman had signed the verdict sheets, and the verdicts had been recorded before the conversation between the bailiff and the foreman took place. All that remained was the announcement of the verdict in open court and the recordation of the verdict in the minutes. The verdicts having already been reached and recorded on the verdict sheet, the bailiff's words could not possibly have affected the foreman's view of the evidence presented at trial, nor could the conversation have resulted in harm to the defendant. This assignment of error is overruled.

## III.

[2] Defendant next contends the trial court erred by denying his oral motion for a continuance until two witnesses for the defense could be present. Defendant argues this ruling violated his right to have a fair opportunity to present a defense under Article I, § 23 of the North Carolina Constitution. This argument is without merit.

A motion for continuance is within the sound discretion of the trial court and reviewable upon appeal only for abuse of discretion. *State v. Smith*, 310 N.C. 108, 111, 310 S.E. 2d 320, 323 (1984). However, when a motion to continue is based on a constitutional right, the trial court's ruling becomes a question of law and, upon appeal, it is subject to review by examination of the particular circumstances as presented by the record. *State v. Kuplen*, 316 N.C. 387, 402, 343 S.E. 2d 793, 801 (1986). The denial of a motion to continue, regardless of its nature, is grounds for a new trial only upon a showing by defendant that the denial was erroneous and that his case was prejudiced as a result of the error. *State v. Branch*, 306 N.C. 101, 104-105, 291 S.E. 2d 653, 656 (1985). If the error amounts to a constitutional violation, as is here contended, there is prejudice requiring a new trial unless the state satisfies this Court that the error is harmless beyond a reasonable doubt. N.C.G.S. § 15A-1443(b) (1983).

Assuming without deciding that the error complained of is of constitutional dimension, we are satisfied that the error was harmless beyond a reasonable doubt.

After defendant's testimony he moved for a continuance due to the absence of two defense witnesses. According to defense counsel two unsubpoenaed witnesses, defendant's brothers, were en route to North Carolina from Alabama. Counsel informed the court that the witnesses' testimony would show that defendant had arrived in Alabama on 27 November 1983, the day after the crime, with a friend in the friend's car. Thus, this testimony would impeach Ms. Kilgore's testimony that she and defendant drove to Alabama in the victim's stolen car. It would also corroborate defendant's testimony that he drove to Alabama with a friend in his friend's car and not with his then wife in the victim's car.

Clearly the proposed testimony is not material to any substantive issue in the case. In no way does it contradict the victim's testimony that defendant raped her on the morning of 26 November 1983. Neither does it corroborate defendant's testimony that he did not rape the victim. It contradicts the state's evidence and corroborates defendant's evidence only on the issues of the car in which and the person with whom defendant traveled to Alabama after the crime was committed. These points are tangential to the central issue of whether defendant raped the victim.

Evidence on the issue of defendant's guilt was overwhelming. It included not only the victim's unshaken testimony but also considerable circumstantial evidence, i.e., defendant's photos and other belongings left at the victim's premises, together with incriminating forensic testimony, all of which pointed unerringly to defendant's guilt.

We are confident beyond a reasonable doubt that had the continuance been allowed and the two unsubpoenaed witnesses been permitted to testify, the result would have been the same.

In defendant's trial we find

No error.