STATE OF NORTH CAROLINA, Plaintiff v. RONNIE DANIELS, Defendant

No. COA03-450

(Filed 1 June 2004)

### 1. Criminal Law— plea agreement—validity

The trial court did not err in a statutory sex offense, sexual activity by a substitute parent, indecent liberties with a child, first-degree statutory rape, and first-degree statutory sex offense case by concluding that a valid plea agreement did not exist between defendant and the State on 15 July 2002, because: (1) defendant rejected three plea arrangements before this case went to trial; and (2) the fact that the trial court rejected the 26 June 2002 plea arrangement means that the arrangement was no longer available for defendant to accept on 15 July 2002 unless the prosecutor negotiated another plea arrangement with defendant, and the record does not reflect that such a negotiation took place.

### 2. Criminal Law— motion for continuance—invalid plea agreement

The trial court did not abuse its discretion in a statutory sex offense, sexual activity by a substitute parent, indecent liberties with a child, first-degree statutory rape, and first-degree statutory sex offense case by denying defendant a continuance after the trial court declined defendant's request to consider his alleged plea arrangement, because there was no proposed plea agreement before the court when defendant's statement to the trial court on 15 July 2002 that he was prepared to accept the plea was an attempt to resurrect the 26 June 2002 plea arrangement which had been rendered null and void once the trial court rejected it.

### 3. Appeal and Error— preservation of issues—plain error

Although defendant contends the trial court committed plain error in a statutory sex offense, sexual activity by a substitute parent, indecent liberties with a child, first-degree statutory rape, and first-degree statutory sex offense case by allowing the State to present evidence of prior bad acts including evidence that defendant had been incarcerated in Arizona, that he used illegal drugs, and that he abused his wife, defendant did not properly preserve this issue for appeal because: (1) defendant provided no explanation, analysis or specific contention in his brief support-

STATE v. DANIELS

[164 N.C. App. 558 (2004)]

ing the bare assertion that the claimed error is so fundamental that justice could not have been done; and (2) the right and requirement to specifically and distinctly contend an error amounts to plain error does not obviate the requirement that a party provide argument supporting the contention that the trial court's actions amounted to plain error as required by N.C. R. App. P. 28(a) and (b)(6).

**4. Constitutional Law— effective assistance of counsel—failure to meet burden of proof**

Although defendant contends the trial court erred in a statutory sex offense, sexual activity by a substitute parent, indecent liberties with a child, first-degree statutory rape, and first-degree statutory sex offense case by concluding that defendant did not receive ineffective assistance of counsel based on counsel's alleged failure to object to inadmissible evidence, this assignment of error is dismissed because defendant failed to show that counsel's performance fell below an objective standard of reasonableness or that the error committed was so serious that a reasonable probability existed that the trial result would have been different absent the error.

**5. Sexual Offenses— statutory sex offense against person 13, 14, or 15 years old—short-form indictment**

The trial court did not err by concluding that the indictment for statutory sex offense against a person who is 13, 14, or 15 years old was sufficient to apprise defendant of the crime with which he was charged, because: (1) N.C.G.S. § 15-144.2 permits a short-form indictment for this crime; and (2) the statute does not require the State to provide the details of the alleged sexual offense in the indictment, but specifically states that it is sufficient in describing a sex offense to allege that the accused person unlawfully, willfully, and feloniously did engage in a sex offense with the victim.

Appeal by defendant from judgment entered 18 July 2002 by Judge Wiley F. Bowen in Lee County Superior Court. Heard in the Court of Appeals 26 February 2004.

*Attorney General Roy Cooper, by Associate Attorney General Q. Shantè-Martin, for the State.*

*Russell J. Hollers, III, for the defendant.*

TIMMONS-GOODSON, Judge.

Ronnie Daniels ("defendant") appeals his convictions of statutory sex offense, two counts of sexual activity by a substitute parent, two counts of indecent liberties with a child, first-degree statutory rape, and first-degree statutory sex offense. For the reasons stated herein, we hold that defendant received a trial free of prejudicial error.

Defendant is accused of sexually abusing his two step-daughters. The procedural history of this case is described in the trial court's Order Pertaining to Plea Arrangement as to Sentence and Order Deny[ing] Continuance as follows: On 25 September 2001, defendant was called upon to enter his plea before the trial court. As the trial court reviewed the Transcript of Plea with defendant, defendant rejected the plea offer and his case was set for trial on 11 June 2002. However, before the case was called to trial, the parties announced that a plea would be entered.

On 14 June 2002, the case was docketed for a plea hearing. During this hearing, the trial court observed a conversation between defendant and his trial counsel where it appeared to the court that counsel was attempting to convince defendant to accept the plea while defendant "vociferously opposed." The trial court continued the case until 26 June 2002.

On 26 June 2002, the trial court was informed for the third time that defendant and the State had negotiated a plea agreement. While being questioned in accordance with the transcript of plea, defendant responded to the trial court question that he was "not guilty," thereby rejecting the plea. The trial court then stated that a plea would not be accepted from defendant because to do so would only bring motions for appropriate relief and contentions of a coerced plea. The trial court directed that defendant's case be continued until the next session of court for trial.

On 15 July 2002, defendant through trial counsel asserted that he desired to plead guilty pursuant to the plea arrangement. The trial court declined to hear defendant's plea, and called the case for trial. Following a jury trial, defendant was convicted of all charges. It is from these convictions that defendant appeals.

As an initial matter, we note that defendant's brief contains arguments supporting only five of the original nine assignments of error on appeal. The four omitted assignments of error are deemed

abandoned pursuant to N.C.R. App. R. 28(b)(6) (2004). We therefore limit our review to those assignments of error addressed in defendant's brief.

The remaining issues presented on appeal are whether (I) a valid plea agreement existed between defendant and the State on 15 July 2002; (II) the trial court erred by denying defendant a continuance; (III) the trial court erred by allowing the State to present evidence of prior bad acts; (IV) defense counsel rendered ineffective assistance to defendant; (V) one of the indictments for first-degree statutory sex offense was sufficient to apprise defendant of the crime with which he was charged.

[1] Defendant first argues that a valid plea agreement existed on 15 July 2002 between defendant and the State. We disagree.

"G.S. 15A-1021(c) allows the parties to a plea arrangement to advise the trial judge of the terms of the proposed agreement, *provided an agreement has been reached.*" *State v. Slade,* 291 N.C. 275, 278, 229 S.E.2d 921, 924 (1976) (emphasis added). "There is no absolute right to have a guilty plea accepted." *State v. Collins,* 300 N.C. 142, 148, 265 S.E.2d 172, 176 (1980).

In the case *sub judice,* the State argues, and we agree, that no valid plea agreement existed when the case was called for trial on 15 July 2002. Defendant rejected three plea arrangements before this case went to trial. The Transcript of Plea reflects the trial court's account of defendant's actions in that it documents the 14 June and 26 June plea arrangements. The Transcript of Plea contains the terms of the arrangement, and is originally signed and dated 14 June 2002. The plea arrangement appears to have been renewed after defendant rejected it on 14 June 2002 because the original date is crossed out and a new date of 26 June 2002 is entered, and the change is initialed by the prosecutor. This 26 June 2002 plea arrangement was rejected by the trial court when defendant stated that he was "not guilty" as the trial court reviewed the Transcript of Plea.

The trial court's ruling on 26 June 2002 rendered the negotiated plea arrangement "null and void." *See Collins,* 300 N.C. at 149, 265 S.E.2d at 176. Thus, the fact that the trial court rejected the 26 June 2002 plea arrangement means that the arrangement was no longer available for defendant to accept on 15 July 2002 unless the prosecutor negotiated another plea arrangement with defendant. The record does not reflect that such a negotiation took place. There are no addi-

tional changes to the Transcript of Plea, there is no new Transcript of Plea signed prior to the trial date, nor did the prosecution announce that the parties had reached another plea agreement when the case was called for trial on 15 July 2002. Thus, defendant had no basis for announcing to the judge that he wished to accept the State's plea arrangement. Accordingly, we find no error in the trial court's ruling on this matter.

**[2]** Defendant next argues that the trial court erred by denying his right to continue after the trial court declined defendant's request to consider his plea arrangement. We disagree.

Absent a specific statutory provision, a ruling by the trial court on a motion to continue is "within the sound discretion of the trial court and reviewable upon appeal only for abuse of discretion." *State v. Gardner*, 322 N.C. 591, 594, 369 S.E.2d 593, 596 (1988). In determining whether to grant a motion to continue, the trial court must consider "[w]hether the failure to grant a continuance would be likely to result in a miscarriage of justice." N.C. Gen. Stat. § 15A-952(g)(1) (2003). "Upon rejection of the plea arrangement by the judge the defendant is entitled to a continuance until the next session of court." N.C. Gen. Stat. § 15A-1023(b) (2003). This Court has held that by virtue of this statutory language, "the legislature has clearly granted to the defendant such an absolute right upon rejection of a *proposed* plea agreement at arraignment." *State v. Tyndall*, 55 N.C. App. 57, 63, 284 S.E.2d 575, 578 (1981) (emphasis added).

As discussed *supra*, in the present case there was no proposed plea agreement before the court. Defendant's statement to the trial court on 15 July 2002 that he was prepared to accept the plea was an attempt to resurrect the 26 June 2002 plea arrangement, which had been rendered null and void once the trial court rejected it. Because there was no valid plea agreement for the trial court to consider, we hold that the trial court did not abuse its discretion in denying defendant's request for a continuance.

**[3]** Defendant next assigns error to the admission by the trial court of evidence of defendant's prior bad acts. Defendant contends that the trial court should not have admitted evidence that defendant had been incarcerated in Arizona, that he used illegal drugs, and that he abused his wife. The State argues that defendant has not properly preserved the issue for appeal. We agree with the State.

"In criminal cases, a question which was not preserved by objection noted at trial and which is not deemed preserved by rule or law

without any such action, nevertheless may be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(c)(4) (2004).

In his appellate brief, defendant concedes that defense "counsel did not object to the admission of this evidence," and asserts that plain error is present. Although defendant alleges plain error in the corresponding assignment of error in the record, "he provides no explanation, analysis or specific contention in his brief supporting the bare assertion that the claimed error is so fundamental that justice could not have been done." *State v. Cummings*, 352 N.C. 600, 636, 536 S.E.2d 36, 61 (2000), *cert. denied*, 532 U.S. 997 (2001). "The right and requirement to specifically and distinctly contend an error amounts to plain error does not obviate the requirement that a party provide argument supporting the contention" that the trial court's actions amounted to plain error, as required by N.C.R. App. P. 28(a) and (b)(6) (2003). *Id.*

> To hold otherwise would negate those requirements, as well as those in Rule 10(b)(2). Defendant's empty assertion of plain error, without supporting argument or analysis of prejudicial impact, does not meet the spirit or intent of the plain error rule. By simply relying on the use of the words "plain error" as the extent of his argument in support of plain error, defendant has effectively failed to argue plain error and has thereby waived appellate review.

*Cummings*, 352 N.C. at 636-37, 536 S.E.2d at 60 (citations omitted). Accordingly, defendant has waived this assignment of error.

[4] Defendant also argues that defense counsel rendered ineffective assistance to him by failing to object to inadmissible evidence. For the reasons stated *infra*, we decline to address this assignment of error.

In *State v. Blakeney*, our Supreme Court held that

> [t]o successfully assert an ineffective assistance of counsel claim, defendant must satisfy a two-prong test. *See Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052 (1984). First, he must show that counsel's performance fell below an objective standard of reasonableness. *See State v. Braswell*, 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985). Second, once defendant satisfies the first prong, he must show

that the error committed was so serious that a reasonable probability exists that the trial result would have been different absent the error. *See Strickland*, 466 U.S. at 691-96, 80 L. Ed. 2d at 696-99.

352 N.C. 287, 307, 531 S.E.2d 799, 814 (2000). "[Ineffective assistance of counsel] claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." *State v. Fair*, 354 N.C. 131, 166-67, 557 S.E.2d 500, 524-25 (2001), *cert. denied*, 535 U.S. 1114 (2002).

We conclude that there is inadequate evidence of ineffective assistance of counsel on the record for this Court to review the issue on appeal without such ancillary procedures as described in *Blakeney*. Accordingly, this assignment of error is dismissed, without prejudice to file a Motion for Appropriate Relief in the trial court.

[5] In his final argument, defendant asserts that his indictment for Statutory Sex Offense Against A Person Who Is 13, 14, or 15 Years Old was not sufficient to confer jurisdiction on the trial court. We disagree.

Defendant's argument is two-fold. First, defendant argues that the statute governing short-form indictments does not provide such an indictment for the specific crime with which he is charged.

Short-form indictments are permitted for sex offenses under N.C. Gen. Stat. § 15-144.2, which reads in pertinent part as follows:

(a) In indictments for sex offense it is not necessary to allege every matter required to be proved on the trial; but in the body of the indictment, after naming the person accused, the date of the offense, the county in which the sex offense was allegedly committed, and the averment "with force and arms," as is now usual, it is sufficient in describing a sex offense to allege that the accused person unlawfully, willfully, and feloniously did engage in a sex offense with the victim, naming the victim, by force and against the will of such victim and concluding as is now required by law. Any bill of indictment containing the averments and allegations herein named shall be good and sufficient in law as an indictment for a first degree sex offense and will support a ver-

dict of guilty of a sex offense in the first degree, a sex offense in the second degree, an attempt to commit a sex offense or an assault.

(b) If the victim is a person under the age of 13 years, it is sufficient to allege that the defendant unlawfully, willfully, and feloniously did engage in a sex offense with a child under the age of 13 years, naming the child, and concluding as aforesaid. Any bill of indictment containing the averments and allegations herein named shall be good and sufficient in law as an indictment for a sex offense against a child under the age of 13 years and all lesser included offenses.

While section (b) of the statute provides specific requirements for short-form indictments for sexual offenses committed against persons under the age of 13, the statute does not preclude short-form indictments for sexual offenses committed against persons 13, 14, or 15 years old. Such an indictment would simply be governed by section (a) of the statute. Accordingly, we conclude that N.C. Gen. Stat. § 15-144.2 permits a short-form indictment for the crime with which defendant was charged. *See also State v. Wallace*, 351 N.C. 481, 528 S.E.2d 326 (2000) (Upholding short-form indictments for rape and sex offense), *cert. denied*, 531 U.S. 1018 (2000), *reh'g denied*, 531 U.S. 1120 (2001).

Defendant also argues that because the "indictment does not specify what 'sex offense' Mr[.] Daniels engaged in," it is not specific enough to clearly apprise defendant of the charge brought against him.

As provided *supra*, the statute does not require the State to provide the details of the alleged sexual offense in the indictment. In fact, the statute specifically states that "it is sufficient in describing a sex offense to allege that the accused person unlawfully, willfully, and feloniously did engage in a sex offense with the victim." N.C. Gen. Stat. § 15-144.2(a) (2003). In the case *sub judice*, the indictment in question reads as follows:

The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant . . . unlawfully, willfully and feloniously did engage in a sex offense with [the victim], a child 13, 14 or 15 years old, while the defendant was at least six years older than [the victim], and the defendant was at least 12 years old.

Thus, we conclude that the indictment contained sufficient information under the statute.

No error.

Judges BRYANT and ELMORE concur.