STATE OF NORTH CAROLINA v. JOHN FRANKLIN HESTER

No. COA11-190

(Filed 4 October 2011)

**1. Jury—juror misconduct—motion for mistrial—failure to show prejudice**

The trial court did not err in a first-degree murder, assault with a deadly weapon with intent to kill inflicting serious injury, and common law robbery case by denying defendant's motion for a mistrial based upon alleged juror misconduct. There was no evidence of jury misconduct prior to or during deliberations as to defendant's guilt and there was no indication that any juror's misconduct had any potential effect upon the deliberations. Thus, defendant failed to demonstrate any prejudice.

**2. Indictment and Information—short form indictment—first-degree murder—constitutional**

The short form indictment used to charge defendant with first-degree murder was constitutional.

Appeal by defendant from judgments entered on or about 21 July 2009 by Judge Douglas B. Sasser in Superior Court, Bladen County. Heard in the Court of Appeals 1 September 2011.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Alexander McC. Peters, for the State.*

*Russell J. Hollers III, for defendant-appellant.*

STROUD, Judge.

Defendant was indicted for, *inter alia*, assault with a deadly weapon with the intent to kill and inflicting serious injury, first degree murder, and robbery with a dangerous weapon. Defendant was tried by a jury and found guilty of first degree murder, assault with a deadly weapon with the intent to kill and inflicting serious injury, and common law robbery. The trial court entered judgments on the convictions, and defendant appeals.

I.  Motions for Mistrial

On 15 July 2009, the jury rendered its verdict. On 16 July 2009, during the sentencing phase of the trial, the trial court was informed that while two of the jurors were leaving the courthouse for the day

on 15 July 2009, after the verdict was rendered, they saw and heard a man whom they believed to be defendant's brother, cursing and complaining about the outcome of the trial; also on 16 July, the two jurors had informed the other jurors about what they had seen and heard. On 20 July 2009, the trial court was informed that over the course of the weekend, on 18 July 2009, one juror, Mr. Victor McRae, had contact with an individual, Mr. Craig Smith, who had been a spectator at defendant's trial; Juror McRae and Mr. Smith had discussed the trial. The trial court removed Juror McRae from the jury and replaced him with an alternate juror. Defendant made several motions for mistrial based upon the incidents with the jury; all of the motions were denied. Defendant contends that "the trial court erred in denying . . . [his] motions for mistrial." (Original in all caps).

A. Mistrials

**[1]** Defendant argues that the trial court should have granted his motions for mistrial based upon juror misconduct, which occurred during the sentencing phase of his trial.

> Generally a motion for mistrial is a matter addressed to the sound discretion of the judge, and absent a showing of abuse of discretion the ruling will not be disturbed on appeal. This is so even when the basis of the motion for mistrial is misconduct affecting the jury. A new trial will be granted only where a conversation between a third person and a juror *is of such a character as is calculated to impress the case upon the mind of the juror in a different aspect than was presented by the evidence in the courtroom, or is of such a nature as is calculated to result in harm to a party on trial.* Finally, a trial court is held to have abused its discretion only when its ruling is so arbitrary that it could not have been the result of a reasoned decision.

*State v. Gardner*, 322 N.C. 591, 593-94, 369 S.E.2d 593, 595 (1988) (emphasis in original) (citations, quotation marks, and brackets omitted). "[A] mistrial is a drastic remedy, warranted only for *such serious improprieties as would make it impossible to attain a fair and impartial verdict.*" *State v. Dye*, ___ N.C. App. ___, ___, 700 S.E.2d 135, 140 (2010) (emphasis added) (citation, quotation marks, and brackets omitted). Pursuant to N.C. Gen. Stat. § 15A-1061,

> Upon motion of a defendant or with his concurrence the judge may declare a mistrial at any time during the trial. The judge must declare a mistrial upon the defendant's motion if there

occurs during the trial an error or legal defect in the proceedings, or *conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case.*

N.C. Gen. Stat. § 15A-1061 (2007) (emphasis added).

B.  Juror Misconduct

Article I, Section 24 of the North Carolina Constitution, which guarantees the right to trial by jury, contemplates no more or no less than a jury of twelve persons. . . . [T]he requirement of trial by a jury of twelve is violated where . . . *a juror becomes disqualified during deliberations* as a result of juror misconduct. . . .

. . . .

. . . [A] violation of a defendant's constitutional right to have the verdict determined by twelve jurors constitute[s] error *per se.*

*State v. Poindexter,* 353 N.C. 440, 443-44, 545 S.E.2d 414, 416 (2001) (emphasis added).

Defendant directs this Court's attention to *Poindexter,* wherein,

[i]n the afternoon of 18 November 1999, the jury completed its deliberations and returned a verdict of guilty. After receiving the verdict the trial court instructed the jury to return on Monday, 29 November 1999, and recessed the trial until that date. Within minutes after the jurors were dismissed, juror two, who was the foreperson, approached the courtroom clerk and said he needed to speak with someone about a rumor that "defendant's family was going to get whoever they had to get."

. . . .

The foreperson indicated that this comment was made during deliberations and that juror eleven was the person who made the statement. The foreperson then expressed his concern that if he did not report the information and something happened to another member of the jury, he would have it on his conscience the rest of his life.

. . . .

The trial court subsequently removed juror eleven for his misconduct[.]

*Poindexter* at 441-42, 545 S.E.2d at 414-15. The defendant filed a motion for a mistrial which was subsequently denied. *Id.* at 442-43, 545 S.E.2d at 415. The trial court then held the sentencing proceeding. *Id.* at 443, 545 S.E.2d at 416.

This Court concluded that the denial of the motion for mistrial was in error and granted the defendant a new trial despite the State's argument "that no evidence supports that juror eleven was disqualified during the guilt-innocence phase and that juror eleven was properly removed only for the sentencing proceeding." *Id.* This Court reasoned that the State's argument was "untenable" because

> within an hour after the jury returned its guilty verdict, the trial court determined that it must remove juror eleven; *and the basis was clearly juror misconduct during deliberations.* Under these facts, if this juror was not qualified to continue serving during the sentencing proceeding, then he became disqualified during the guilt-innocence deliberations. The recordation of the verdict and dismissal of the jury for the recess until the capital sentencing proceeding did not absolve the misfeasant juror's misconduct and render him qualified for purposes of the guilt-innocence phase deliberations. Moreover, the gravity of this juror misconduct was compounded by some of the jurors collectively deciding, in direct contravention of the trial court's instructions, not to tell the trial court about this report of alleged potential harm. Thus, *juror eleven's misconduct during jury deliberations resulted in a guilty verdict by a jury composed of less than twelve qualified jurors.*

*Id.* at 443-44, 545 S.E.2d at 416 (emphasis added). We conclude that *Poindexter* is inapposite to this case. *See id.*, 353 N.C. 440, 545 S.E.2d 414.

C. Analysis

Here, unlike *Poindexter*, there was no evidence of jury misconduct prior to or during deliberations as to defendant's guilt. *Id.* It was only *after* the jury had reached a verdict that the malfeasance took place. Mr. Smith stated in an affidavit that from his conversation with Juror McRae after the verdict was rendered, he learned about specific conversations between the jurors, but there was no evidence that the jurors improperly discussed the case or any other matter before they were instructed to do so by the judge or before the verdict was rendered. Thus, there was no indication that any juror misconduct had any potential effect upon the deliberations. Accordingly, defendant

did not demonstrate prejudice as to the jury's determination of his guilt. *See* N.C. Gen. Stat. § 15A-1061 ("The judge must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, *resulting in substantial and irreparable prejudice to the defendant's case*." (emphasis added)); *see generally Gardner*, 322 N.C. at 594, 369 S.E.2d at 595-96 ("The verdicts having already been reached and recorded on the verdict sheet, the bailiff's words could not possibly have affected the foreman's view of the evidence presented at trial, nor could the conversation have resulted in harm to the defendant."). Furthermore, defendant cannot demonstrate prejudice as to the sentencing phase of his trial as the jury was only able to choose between "DEATH" or "LIFE IMPRISONMENT" and chose life imprisonment. Thus, the trial court did not abuse its discretion in denying defendant's motions for mistrial. This argument is overruled.

## II. Short Form Indictment

[2] On 26 February 2009, defendant filed a motion to dismiss the indictment for first degree murder. Defendant argued that "[t]he indictment purporting to charge the defendant with Murder in this case is a 'short form' indictment, which fails to state all the elements of the offense of First Degree Murder[,]" thus, "[t]he Indictment in this case is . . . only sufficient to charge Second Degree Murder." Defendant's motion was denied. Defendant contends on appeal that it was error for the trial court not to dismiss his first degree murder indictment because "[t]he short-form murder indictment did not allege all of the elements of first-degree murder; it alleged neither felony murder nor that it was committed after premeditation and deliberation." However, defendant concedes in his brief that

> our Supreme Court has upheld the constitutionality of the use of the short-form murder indictment. However, . . . [defendant] asks this court to reexamine these holdings, declare that all of the elements of an offense must be alleged in an indictment and found by a jury beyond a reasonable doubt, and vacate the murder judgment.

Indeed, our Supreme Court has stated, "In North Carolina, the short-form murder indictment has survived over a hundred years as a valid method for charging capital defendants with the crime of first-degree murder. This Court has consistently concluded that such an indictment violates neither the North Carolina nor the United States Constitution." *State v. Hunt*, 357 N.C. 257, 278, 582 S.E.2d 593, 607, *cert. denied*, 539 U.S. 985, 156 L. Ed. 2d 702 (2003).

McCRANN v. VILL. OF PINEHURST

[216 N.C. App. 291 (2011)]

Here, defendant's first degree murder indictment stated in pertinent part that defendant "unlawfully, willfully, and feloniously did . . . of malice aforethought kill and murder Rudolph Hughes. This act was in violation of North Carolina General Statute Section 14-17[,]" and thus it was a valid short form indictment. *See* N.C. Gen. Stat. § 15-144 (2007) ("[I]t is sufficient in describing murder to allege that the accused person feloniously, willfully, and of his malice aforethought, did kill and murder (naming the person killed), and concluding as is now required by law[.]") As such, we will not revisit this issue, which has been clearly decided by our Supreme Court. *Dunn v. Pate*, 334 N.C. 115, 118, 431 S.E.2d 178, 180 (1993) (This Court has "no authority to overrule decisions of the Supreme Court and has the responsibility to follow those decisions until otherwise ordered by the Supreme Court." (citation, quotation marks, and brackets omitted)). Accordingly, this argument has no merit.

### III.  Conclusion

We conclude that the trial court did not err in denying defendant's motions for mistrial and motion to dismiss his short form indictment.

NO ERROR.

Judges GEER and THIGPEN concur.