TYSON, Judge.
I. Background
A jury found Ricardo Melgar-Argueta ("Defendant") to be guilty of statutory sexual offense with a person who is fifteen years of age by a defendant who is at least six years older. N.C. Gen. Stat. § 14-27.7A(a) (2013) (codified as N.C. Gen. Stat. § 14-27.30(a) (2015) effective Dec. 1, 2015). The jury was unable to reach a unanimous verdict on a related charge of statutory rape of the same fifteen-year-old. N.C. Gen. Stat. § 14-27.7A(a) (codified as N.C. Gen. Stat. § 14-27.25(a) (2015) effective Dec. 1, 2015).
The State's evidence tended to show Defendant was born on 17 April 1968 and had a sexual encounter with a teenage girl (hereinafter referred to as "Josie") in September of 2014, and prior to her sixteenth birthday on 5 October 2014. Defendant and Josie were not married. During the incident, Defendant inserted his fingers into Josie's vagina and engaged in vaginal intercourse with her against her will. Josie became pregnant and gave birth to a child on 11 June 2015. Genetic testing concluded there is a 99.99% probability that Defendant is the child's father.
Defendant admitted having a consensual sexual relationship with Josie, but denied engaging in sexual contact with her prior to her sixteenth birthday. He averred he and Josie had sexual intercourse on four occasions "when she was 16." Defendant denied inserting his fingers in her vagina.
After declaring a mistrial on the statutory rape charge, the trial court sentenced Defendant to an active prison term of 144 to 185 months for the statutory sexual offense. Defendant gave notice of appeal in open court.
II. Jurisdiction
Jurisdiction lies in this Court from final judgment of the superior court pursuant to N.C. Gen. Stat. §§ 7A-27(b)(1) and 15A-1444(a) (2015).
III. Standard of Review
After failing to object at trial, Defendant argues the trial court's failure to instruct on the elements set out in the indictment constitutes plain error as a matter of law. See N.C.R. App. P. 10(a)(2), (4).
[T]he plain error rule ... is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a "fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has "resulted in a miscarriage of justice or in the denial to appellant of a fair trial" or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."
State v. Lawrence, 365 N.C. 506, 516-17, 723 S.E.2d 326, 333 (2012) (quoting State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) ).
"Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." State v. Jordan, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993).
IV. Analysis
A. Statutory Sexual Offense - N.C. Gen. Stat. § 14-27.7A(a)
Defendant claims the trial court committed plain error in instructing the jury on the charge of statutory sexual offense. Defendant concedes that a defendant's knowledge of the victim's age is not an essential element of the offense under N.C. Gen. Stat. § 14-27.7A(a), but argues the indictment returned in this case includes an allegation that he acted "willfully." Defendant contends this allegation of willfulness added a "criminal mens rea" element to the statutory offense which had to be presented to, and found by, the jury.
The essential elements of statutory sexual offense under N.C. Gen. Stat. § 14-27.7A(a) are (1) a sexual act, (2) with a person who is 13, 14, or 15 years old, (3) by a defendant who is at least six years older than the person and not married to the person. N.C. Gen. Stat. § 14-27.7A(a) (2013). "A 'sexual act' as defined by the North Carolina Pattern Jury Instructions includes any act of cunnilingus, fellatio, analingus, anal intercourse, or the penetration by any object of the genital or anal opening of a person's body." State v. Sines, 158 N.C. App. 79, 84, 579 S.E.2d 895, 899 (citing N.C.P.I.-Crim. 207.15.3 (2002)), cert denied, 357 N.C. 468, 587 S.E.2d 69 (2003).
It is well-established that
[s]tatutory sexual offense and statutory rape are categorized as strict liability crimes. This categorization indicates that an individual may commit the crime of statutory sexual offense regardless of the defendant's mistake or lack of knowledge of the child's age. It also means that consent is not a defense to the crime of statutory sexual offense.
Id.(citing State v. Anthony, 133 N.C. App. 573, 516 S.E.2d 195 (1999), aff'd, 351 N.C. 611, 528 S.E.2d 321 (2000) ); see also State v. Ainsworth, 109 N.C. App. 136, 145, 426 S.E.2d 410, 416 (1993).
" 'Criminal mens rea is not an element' " of statutory sexual offense under N.C. Gen. Stat. § 14-27.7A(a). State v. Tyson, 195 N.C. App. 327, 330, 672 S.E.2d 700, 703 (2009) (quoting Ainsworth, 109 N.C. App. at 145, 426 S.E.2d at 416 (alteration omitted)). "Allegations beyond the essential elements of the offense are irrelevant and may be treated as surplusage and disregarded when testing the sufficiency of the indictment." State v. Pelham, 164 N.C. App. 70, 79, 595 S.E.2d 197, 203 (citations omitted), appeal dismissed and disc. review denied, 359 N.C. 195, 608 S.E.2d 63 (2004).
The trial court instructed the jury as follows:
The Defendant has also been charged with a statutory sexual offense against a victim who was 15 years old at the time of the offense. For you to find the Defendant guilty of this offense, the State must prove four things beyond a reasonable doubt.
First, that the Defendant engaged in a sexual act with the victim. A sexual act means any penetration, however slight, by an object into the genital opening of a person's body.
Second, that at the time of the acts, the victim was 15 years old.
Third, that at the time of the acts, the Defendant was at least six years older than the victim.
And fourth, that at the time of the acts, the Defendant was not lawfully married to the victim.
This instruction accords with the pattern jury instruction in N.C.P.I.-Crim. 207.15.3 (March 2002) and properly informed the jury of the elements of statutory sexual offense under N.C. Gen. Stat. § 14-27.7A(a) as the statute was on the date of the offenses. See Tyson, 195 N.C. App. at 336, 672 S.E.2d at 706-07.
Defendant's argument that the indictment in this cause added an element to the charged offense beyond those included in N.C. Gen. Stat. § 14-27.7A(a) is without merit. "The purpose of a bill of indictment is to put a defendant on such notice that he is reasonably certain of the crime of which he is accused." State v. McGriff, 151 N.C. App. 631, 634, 566 S.E.2d 776, 778 (2002). Here, the indictment charged Defendant with "STAT RAPE/SEX OFFN DEF >= 6YR," identified the statute violated as "G.S. No. 14-27.7A(A)," and listed the offense classification as "B1." The body of the indictment alleged that Defendant
unlawfully, willfully and feloniously did engage in a sexual act with [Josie], a person of the age of 15 years. At the time of the offense, the defendant was at least six years older than the victim and was not lawfully married to the victim.
These allegations track the requirements for a "short form" indictment under N.C. Gen. Stat. § 15-144.2(a) (2015), and have been repeatedly endorsed by this Court to be sufficient to charge a violation of N.C. Gen. Stat. § 14-27.7A(a). See State v. Bradley, 179 N.C. App. 551, 559, 634 S.E.2d 258, 263 (2006) ("This indictment complied with the requirements of N.C. Gen. Stat. § 15-144.2(a) and was sufficient to put the defendant on notice of the crime of which he was accused."); see also State v. Daniels, 164 N.C. App. 558, 565-66, 596 S.E.2d 256, 260-61, disc. review denied, 359 N.C. 71, 604 S.E.2d 918 (2004) (finding an indictment against the defendant alleging defendant "unlawfully, willfully and feloniously did engage in a sex offense with [the victim], a child 13, 14, or 15 years old" sufficient).
This Court addressed an issue similar to this one in State v. Clowers, 217 N.C. App. 520, 529, 720 S.E.2d 430, 437 (2011). In Clowers, the defendant was charged with driving while impaired, a strict liability offense. Id. at 522, 720 S.E.2d at 432. The citation issued to the defendant stated "defendant did unlawfully and willfully operate a (motor) vehicle on a (street, highway) .... 5. While subject to an impairing substance. G.S. 20-138.1." Id. at 529, 720 S.E.2d at 437 (emphasis supplied). The defendant asserted the trial court erred by not instructing the jury on "willfulness." Id. at 527, 720 S.E.2d at 432. The Court noted that "willfulness" is not an element of driving while impaired under N.C. Gen. Stat. § 20-138.1(a). Id. at 528, 720 S.E.2d at 437. The Court concluded the inclusion of "willfully" in the citation was "beyond the essential elements of the offense" and disregarded the inclusion of "willfully" in the citation as "surplusage." Id. at 529-30, 720 S.E.2d at 437 (quoting Pelham, 164 N.C. App. at 79, 595 S.E.2d at 203 ).
Here, "willfulness" is not an element of statutory sexual offense under N.C. Gen. Stat. § 14-27.7A(a), and the inclusion of "willfully" in the indictment "goes beyond the essential elements" of statutory sexual offense. Id. ( quoting Pelham, 164 N.C. App. at 79, 595 S.E.2d at 203). The inclusion of "willfully" in the indictment against Defendant constitutes mere "surplusage." Id.
As the indictment gave Defendant notice of the specific charge against him, see Bradley, 179 N.C. App. at 559, 634 S.E.2d at 263, the challenged language is mere surplusage. See Clowers, 217 N.C. App. at 529-30, 720 S.E.2d at 437 ; Pelham, 164 N.C. App. at 79, 595 S.E.2d at 203; Cf. State v. Battle, 126 N.C. 1036, 1044, 35 S.E. 624, 628 (1900) (treating indictment's use of "the words 'unlawfully, willfully, and feloniously,' " as "simply surplusage").
V. Conclusion
We find neither error nor plain error in the trial court's instructions to the jury. We find no error in the jury's verdict and conviction, or in the judgment entered thereon. It is so ordered.
NO ERROR.
Report per Rule 30(e).
Judges STROUD and HUNTER concur.