STATE OF NORTH CAROLINA v. CLYDE GILBERT HODGE

No. COA95-100

(Filed 19 December 1995)

**Arson and Other Burnings § 6 (NCI4th)— burning of unoccupied mobile home—second-degree arson**

The malicious and willful burning of a mobile home which is used as a dwelling and which is unoccupied at the time of the burning constitutes second-degree arson. N.C.G.S. §§ 14-58.1, 14-58.2.

**Am Jur 2d, Arson and Related Offenses §§ 32, 36.**

Appeal by defendant from judgment entered 5 October 1994 by Judge Thomas W. Ross in Davidson County Superior Court. Heard in the Court Of Appeals 17 October 1995.

*Attorney General Michael F. Easley, by Special Deputy Attorney General J. Allen Jernigan, for the State.*

*Benjamin G. Philpott for defendant-appellant.*

MARTIN, John C., Judge.

Defendant was charged in a bill of indictment with second degree arson. The State's evidence tended to show that defendant and a co-defendant intentionally burned a 12' x 70' mobile home belonging to James Baity. The mobile home, which was not occupied at the time it was burned, was located near High Rock Lake in Davidson County and was used by Mr. Baity as a weekend vacation residence. A jury found defendant guilty as charged and a judgment was entered upon the verdict imposing an active twelve year prison sentence. Defendant appeals.

The sole question presented by this appeal is whether the intentional burning of an unoccupied mobile home constitutes the crime of second degree arson. Defendant argues that although G.S. § 14-58.2 provides that the willful and malicious burning of an occupied mobile home constitutes first degree arson, the Legislature has made no provision for the burning of an unoccupied mobile home to constitute second degree arson. Therefore, he argues, the common law definition of arson still applies to second degree arson and an unoccupied

mobile home is not a dwelling house for the purposes of a charge of arson. We reject his argument and find no error in his trial.

Arson is defined at common law as the "willful and malicious burning of the dwelling house of another person." *State v. Jones*, 110 N.C. App. 289, 291, 429 S.E.2d 410, 412 (1993). In 1974, the Legislature enacted G.S. § 14-58.1, providing that, as used in the statutes relating to arson and other burnings, "the terms 'house' and 'building' shall be defined to include mobile and manufactured-type housing and recreational trailers," and G.S. § 14-58.2 providing that "[i]f any person shall willfully and maliciously burn any mobile home or manufactured-type house or recreational trailer home which is the dwelling house of another and which is occupied at the time of the burning, the same shall constitute arson."

In 1979, in connection with the passage of G.S. § 15A-1340.1 *et seq.*, the Fair Sentencing Act (repealed by Session Laws 1993, c. 538, s. 14 effective 1 October 1994), the General Assembly amended G.S. § 14-58 to establish two degrees of arson:

> There shall be two degrees of arson as defined at the common law. If the dwelling burned was occupied at the time of the burning, the offense is arson in the first degree . . . . If the dwelling burned was unoccupied at the time of the burning, the offense is arson in the second degree . . . .

Thus, second degree arson is defined as the willful and malicious burning of the dwelling of another which is unoccupied at the time of the burning. *Jones*, 110 N.C. App. 289, 429 S.E.2d 410.

In 1979, the General Assembly also amended G.S. § 14-58.2 to add the words "in the first degree" to the end of the statute. (Session Laws 1979, c. 760, s. 6). Defendant argues that because the General Assembly did not redefine "dwelling," as used in the 1979 amendment to G.S. § 14-58, to include mobile homes, and expressly limited the 1979 amendment to G.S. § 14-58.2 to first degree arson, it clearly did not intend that the crime of second degree arson would include the burning of an unoccupied mobile home. We disagree.

The title of a bill may be considered in determining legislative intent. *State ex rel Cobey v. Simpson*, 333 N.C. 81, 423 S.E.2d 759 (1992). Chapter 1374 of the 1973 Session Laws, enacting G.S. § 14-58.1 and G.S. § 14-58.2, was entitled "An Act to Define the Terms House and Building as Used in the Arson and Other Burnings Statutes to Include Mobile Homes and to Make the Crime of Arson Include the

Burning of a Mobile Home." "Where possible, statutes should be given a construction which, when practically applied, will tend to suppress the evil which the Legislature intended to prevent." *State v. Vickers*, 306 N.C. 90, 98-99, 291 S.E.2d 599, 605 (1982) (quoting *In re Hardy*, 294 N.C. 90, 240 S.E.2d 367 (1978)). "[A]rson is an offense against the security of the habitation." *Id.* at 100, 291 S.E.2d at 606.

It is clear that the intent of the Legislature in enacting G.S. § 14-58.1 and G.S. § 14-58.2 was to extend protection against willful and malicious burning to mobile and manufactured housing, and it is equally clear that it did not intend to remove that protection when, in 1979, it amended G.S. § 14-58 and G.S. § 14-58.2 to classify the crime of arson in separate degrees for sentencing purposes. It is certainly common knowledge that many of our citizens inhabit mobile homes and manufactured housing and we hold the words "dwelling" and "dwelling house" apply to those structures as surely as those made of lumber and brick. Therefore, we hold that the malicious and willful burning of a mobile home which is used as a dwelling and which is unoccupied at the time of the burning constitutes second degree arson. Defendant's assignments of error are overruled.

No error.

Judges JOHN and McGEE concur.