STATE OF NORTH CAROLINA v. SANDRA MAE JONES

No. 926SC156

(Filed 18 May 1993)

1. **Arson and Other Burnings § 19 (NCI4th) — indictment — arson of mobile home — sufficiency to support second degree arson conviction**

    An indictment alleging that defendant did "maliciously burn a mobile home located at Bacon Road, Littleton, North Carolina. At the time of the burning the mobile home was the dwelling of Larry Dowtin" was sufficient to charge defendant with the crime of second degree arson, notwithstanding the indictment incorrectly referred to N.C.G.S. § 14-58.2, the statute defining the crime of first degree arson of a mobile home used as a dwelling.

    **Am Jur 2d, Arson and Related Offenses §§ 32 et seq.**

2. **Indictment, Information, and Criminal Pleadings § 40 (NCI4th) — incorrect reference to arson statute — trial for second degree arson — no amendment of indictment**

    No material amendment of the indictment occurred when the State decided to proceed to trial on the charge of second degree arson while the bill of indictment still contained a reference to the statute defining first degree arson of a mobile home used as a dwelling. Furthermore, defendant cannot complain of any amendment of the indictment when her counsel participated in the decision to proceed on the charge of second degree arson.

    **Am Jur 2d, Indictments and Informations §§ 188 et seq.**

Appeal by defendant from judgments and commitments entered 25 October 1991 by Judge Richard B. Allsbrook in Halifax County Superior Court. Heard in the Court of Appeals 4 March 1993.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General James P. Erwin, Jr., for the State.*

*Ronnie C. Reaves, P.A., by Ronnie C. Reaves and Lynn Pierce, for defendant-appellant.*

STATE v. JONES

[110 N.C. App. 289 (1993)]

LEWIS, Judge.

Defendant was indicted under N.C.G.S. § 14-58.2 for burning the mobile home of her estranged lover, Larry Dowtin. However, when the matter came to trial, the State decided to proceed on a charge of second degree arson because the mobile home was unoccupied at the time of the fire. The evidence at trial tended to show that the Littleton Fire Department was called to the scene of a fire at 12:20 a.m. on 2 July 1990. Upon examining the mobile home, broken glass and blood stains were found showing signs of a forced entry. Defendant, who had lived with Mr. Dowtin, was considered a suspect and when questioned by the police told them that she had gone to the mobile home to retrieve her coat and that she had wanted to burn Dowtin's bed so that no other woman could share it with him. She stated that it had not been her intention to burn the mobile home.

The defendant was found guilty of second degree arson and non-felonious breaking and entering but appealed only the arson conviction.

---

[1] Defendant first assigns error to the trial court's failure to grant her motion to dismiss made at the conclusion of the State's evidence and again at the conclusion of all the evidence. Defendant claims that her motion should have been granted because the indictment did not sufficiently charge the offense of arson of a mobile home. In support of her contention defendant cites the specific wording of N.C.G.S. § 14-58.2:

> If any person shall willfully and maliciously burn any mobile home or manufactured-type house or recreational trailer home which is the dwelling house of another and which is *occupied at the time of the burning*, the same shall constitute the crime of arson in the first degree.

(emphasis added). There is no dispute that the mobile home was unoccupied at the time of the burning. The bill of indictment made no allegation to the contrary. The specific language in the bill of indictment was that defendant did "maliciously burn a mobile home located at Bacon Road, Littleton, North Carolina. At the time of the burning the mobile home was the dwelling house of Larry Dowtin." Therefore, defendant contends that since the mobile

home was unoccupied, the bill of indictment was fatally defective and the superior court lacked jurisdiction. We do not agree.

In examining the sufficiency of a bill of indictment, the trial judge must determine that:

> (1) The offense is charged in a plain, intelligible, and explicit manner; (2) The offense is charged properly so as to avoid the possibility of double jeopardy; and (3) There is such certainty in the statement of the accusation as to enable the accused to prepare for trial and to enable the court, on conviction or plea of *nolo contendre* [sic] or guilty to pronounce sentence according to the rights of the case.

*State v. Reavis*, 19 N.C. App. 497, 498, 199 S.E.2d 139, 140 (1973). We believe that the language of the indictment was plain and intelligible and was sufficient to put defendant on notice that she may be tried for second degree arson and to prepare her defense accordingly.

The common law definition of arson is still in force in North Carolina, *State v. Allen*, 322 N.C. 176, 367 S.E.2d 626 (1988), and arson has been defined as the willful and malicious burning of the dwelling house of another person. *State v. Eubanks*, 83 N.C. App. 338, 349 S.E.2d 884 (1986). By statute, if the dwelling house is unoccupied then the offense is second degree arson. N.C.G.S. § 14-58 (1986). Combining these definitions we find the elements of second degree arson to be: (1) the malicious and willful (2) burning of a structure; (3) which is the dwelling house of another; and (4) which is unoccupied at the time of the burning. These are the same elements which were alleged in defendant's bill of indictment and thus the trial court had jurisdiction over the defendant. Even though the statutory reference was incorrect, the body of the indictment was sufficient to properly charge a violation. The mere fact that the wrong statutory reference was used does not constitute a fatal defect as to the validity of the indictment. *State v. Reavis*, 19 N.C. App. 497, 199 S.E.2d 139 (1973). We find no merit to defendant's first assignment of error.

[2] For her second assignment of error, defendant claims the trial court erred in instructing the jury on the lesser included offense of second degree arson. In support of her argument, defendant relies on the well established principle that an indictment may not be amended in a material manner without the consent of the

defendant or the grand jury. *State v. Jackson*, 280 N.C. 563, 187 S.E.2d 27 (1972). Defendant claims that the grand jury indicted her for the burning of a mobile home and that the State amended the indictment when it decided to prosecute her for second degree arson. As further support for her argument, defendant claims that there is no lesser included offense of arson of a mobile home. We are not persuaded by defendant's argument.

It is a well recognized rule in North Carolina that when a defendant is indicted for a criminal offense he may be convicted of the charged offense or of a lesser included offense when the indictment contains all the essential elements of the lesser offense. *State v. Riera*, 276 N.C. 361, 172 S.E.2d 535 (1970). Since we have already held that the bill of indictment was sufficient to charge defendant with the crime of second degree arson, we need not decide whether second degree arson is a lesser included offense of burning a mobile home. Therefore, the only part of defendant's second assignment of error which we will address is whether the decision to proceed on the charge of second degree arson constituted a material amendment of the indictment.

The only possible "amendment" that occurred as to defendant's indictment was the decision to proceed to trial on the charge of second degree arson with the statutory reference to N.C.G.S. § 14-58.2 still on the bill. We feel that this statutory reference amounts to surplusage on the bill of indictment, not a material change. In *State v. Peele*, 16 N.C. App. 227, 192 S.E.2d 67, *cert. denied*, 282 N.C. 429, 192 S.E.2d 838 (1972), this Court held that even striking words from the body of an indictment did not amount to a material amendment. In so doing, this Court relied on the fact that the words stricken were mere surplusage and that defendant still had adequate knowledge of the offense charged.

In the present case, the body of the indictment has not been altered, only an incorrect statutory reference has been retained. The Supreme Court has previously held that the statutory reference in a warrant is surplusage and can be disregarded. *See State v. Smith*, 240 N.C. 99, 81 S.E.2d 263 (1954). We see no reason not to apply the same rationale to this indictment. Defendant cannot complain that she was unaware of the acts for which she was charged and if anything the defendant benefited by the State's decision to proceed on second degree arson because it reduced her level of punishment from a Class C to a Class D felony. We

STATE v. JONES

[110 N.C. App. 289 (1993)]

hold that no material amendment occurred to defendant's indictment when the State opted to proceed on the charge of second degree arson.

In reaching our decision, we note that counsel for the defendant was well aware that the State would proceed on the charge of second degree arson and gave implied consent to the procedure. Therefore, even if we were to hold that defendant's indictment had been materially amended, we would still be compelled to uphold the trial court's instructions because the defendant did not object to the change. When this case came for trial, the trial court put on record that the decision had been made that the case would proceed on the charge of second degree arson. For the record, the trial court stated that counsel for the State and the defense had discussed the matter and agreed that second degree arson was the proper charge. The District Attorney acknowledged his consent to the arrangement while counsel for the defense stood mute. We do not see how defendant can claim that it was error when her counsel participated in the arrangement to alter the indictment to conform to the evidence. As a result we hold that the trial court did not err in instructing the jury on second degree arson.

We have reviewed defendant's remaining assignments of error and find them to be without merit. The trial court did not err in refusing to set aside the jury's verdict or in refusing to grant defendant's motion for a new trial.

We hold defendant received a fair trial free from prejudicial error.

No error.

Judges JOHNSON and JOHN concur.