An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1109

NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

STATE OF NORTH CAROLINA

v.

Burke County
No. 10 CRS 52989

RANDAL EUGENE POWELL

Appeal by defendant from judgment entered 21 March 2013 by Judge Sharon Tracey Barrett in Burke County Superior Court. Heard in the Court of Appeals 4 February 2014.

*Attorney General Roy Cooper, by Special Deputy Attorney General Harriet F. Worley, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Barbara S. Blackman, for Defendant.*

ERVIN, Judge.

Defendant Randal Eugene Powell appeals from a judgment sentencing him to a term of 300 to 369 months imprisonment based upon his conviction for first degree statutory sex offense in violation of N.C. Gen. Stat. § 14-27.4A(a). On appeal, Defendant contends that the trial court lacked jurisdiction to enter judgment against him in this case on the grounds that the indictment that had been returned against him was fatally

defective. After careful consideration of Defendant's challenge to the trial court's judgment in light of the record and the applicable law, we conclude that the trial court's judgment should remain undisturbed.

## I. Factual Background

## A. Substantive Facts

B.W. and T.W. were ages 14 and 12, respectively, at the time of trial.[1] The two girls had lived with their mother and Defendant, who was their mother's live-in boyfriend and who was over the age of eighteen, at all relevant times.

According to Bethany and Tonya, Defendant sexually abused both girls over an extended period of time, with this abuse invariably having occurred while their mother was at work. During the course of these episodes, Defendant would engage in vaginal intercourse with Bethany while the other children were bathing or watching television. Although Defendant rubbed his penis in the vicinity of Tonya's vagina and inserted his penis into her anal opening, he never penetrated her vagina with his penis. According to Tonya, the same things that happened to her happened to Bethany. The children never told anyone about the abuse because they were afraid. Although Bethany attempted to

---

[1]B.W. and T.W. will be referred to as Bethany and Tonya, respectively, throughout the remainder of this opinion, with those names being pseudonyms utilized for ease of reading and to protect the minors' privacy.

write a letter to her mother in which she detailed what Defendant was doing to her, Defendant intercepted the letter and ripped it apart before she could deliver it to her mother.[2]

As a result of conduct unrelated to this case, the Department of Social Services removed the children from their mother's care and placed them in the home of their maternal grandmother in September of 2010. In approximately November of 2010, Bethany and Tonya informed their grandmother that Defendant had "raped" them. Although these actions had been going on for years, Bethany finally came forward out of fear that she would become pregnant and get in more trouble. After learning of the children's allegations, their grandmother called the police.

On 15 November 2010, the children were taken for a physical evaluation. According to the information developed during that evaluation, Tonya had a "significant" healed fissure in her buttocks that could have been caused by a large bowel movement or some other trauma. Similarly, some of the tissue associated with Bethany's hymen was missing.

## B. Procedural History

---

[2]In addition, Bethany testified that she had attempted to tell her mother about Defendant's activities on one other occasion. However, Bethany's mother refused to listen to her at that time.

On 30 December 2010, a warrant for arrest charging Defendant with first degree statutory rape was issued. On 7 February 2011, the Burke County grand jury returned a bill of indictment charging Defendant with two counts of first degree statutory sexual offense. Prior to trial, the prosecutor extended a negotiated plea offer to Defendant under which, in return for Defendant's pleas of guilty to the offenses charged in the indictment, the State would agree that the charges that had been lodged against Defendant would be consolidated for judgment and that the sentence imposed upon Defendant would be selected from the presumptive range. Defendant failed to accept the proffered plea offer before it expired on 15 March 2013.

The charges against Defendant came on for trial before the trial court and a jury at the 18 March 2013 criminal session of the Burke County Superior Court. On that date, the prosecutor offered, in return for Defendant's plea of guilty to both offenses charged in the indictment, to agree that Defendant's convictions would be consolidated for judgment and that Defendant would be sentenced at the top of the presumptive range. At the time that this proposed negotiated plea was discussed on the record, the trial court informed Defendant that, assuming that he was sentenced as a Level II offender, the bottom of the presumptive range would involve a 221 to 275 month

term of imprisonment and the top of the presumptive range would involve a 276 to 341 month term of imprisonment. After discussing the proposed plea with his trial counsel, Defendant rejected the State's offer and elected to exercise his right to trial by jury instead.

As the parties engaged in the jury selection process, the trial court informed them that it had reviewed the indictment in light of the relevant statutory provisions and determined that Defendant had been charged with violating N.C. Gen. Stat. § 14-27.4A(a) rather than N.C. Gen. Stat. § 14-27.4(a)(1) and that, if convicted, Defendant faced a mandatory minimum term of 300 months imprisonment. In response, Defendant's trial counsel indicated that he had understood that Defendant had been charged with violating N.C. Gen. Stat. § 14-27.4(a)(1) rather than N.C. Gen. Stat. § 14-27.4A(a). At that point, the prosecutor offered to allow Defendant to enter pleas of guilty to the lesser-included offenses. Although the trial court reiterated its belief that the charges alleged in the indictment returned against Defendant rested upon alleged violations of N.C. Gen. Stat. § 14-27.4A and that a conviction would require the imposition of a mandatory minimum sentence of 300 months imprisonment, Defendant rejected the State's renewed plea offer.

At the conclusion of the State's case, the trial court dismissed the first degree statutory sexual offense charge relating to the accusations involving Bethany for insufficiency of the evidence. During the jury instruction conference, the trial court informed counsel for the parties that the jury would be allowed to consider the issue of whether Defendant had committed the offense specified in N.C. Gen. Stat. § 14-27.4A(a) stemming from the accusations involving Tonya given that the language of the indictment alleged that Defendant had committed the offense defined in that statutory provision. On 21 March 2013, the jury returned a verdict finding Defendant guilty of first degree statutory sexual offense stemming from the accusations involving Tonya. At the conclusion of the ensuing sentencing hearing, the trial court entered a judgment sentencing Defendant to a term of 300 to 369 months imprisonment. Defendant noted an appeal to this Court from the trial court's judgment.

## II. Legal Analysis

In his sole challenge to the trial court's judgment, Defendant contends that the indictment that had been returned against him was fatally defective, a fact that deprived the trial court of jurisdiction over this case. More specifically, Defendant contends that the language in which the indictment was

couched, when coupled with the allegations delineating the statute that Defendant was accused of having violated, resulted in a fundamental ambiguity in the indictment in question sufficient to render it fatally defective. We do not find Defendant's contention persuasive.

The indictment returned against Defendant alleged that:

> on or about the date of offense shown above [Fall 2010] and in the county indicated above [Burke] the defendant named above [Randal Eugene Powell] unlawfully, willfully, and feloniously did engage in a sexual offense with [Tonya], a child under the age of 13 years. At the time of the offense the defendant was 26 years of age, and over the age of 18.

The indictment specified that Defendant was charged with having committed the offense set out in N.C. Gen. Stat. § 14-27.4A. On the other hand, the indictment alleged in both the caption and in the headings placed before each count set out in that charging instrument that Defendant was being charged with "FIRST DEGREE SEX OFFENSE."

"A valid bill of indictment is essential to the jurisdiction of the Superior Court to try an accused for a felony and have the jury determine his guilt or innocence, 'and to give authority to the court to render a valid judgment.'" *State v. Moses*, 154 N.C. App. 332, 334, 572 S.E.2d 223, 226 (2002) (quoting *State v. Ray*, 274 N.C. 556, 562, 164 S.E.2d 457,

461 (1968)). As a general proposition, an "indictment or criminal charge is constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense." *State v. Coker*, 312 N.C. 432, 434, 323 S.E.2d 343, 346 (1984). "An indictment charging a statutory offense must allege all of the essential elements of the offense." *State v. Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996); *see also* N.C. Gen. Stat. § 15A-924(a)(5) (providing that a valid indictment must contain "[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation"). For that reason, an "[a]n indictment is sufficient in form for all intents and purposes if it expresses the charge in a plain, intelligible and explicit manner." *Coker*, 312 N.C. at 435, 323 S.E.2d at 346. A challenge to the validity of an indictment is evaluated on appeal utilizing a *de novo* standard of review. *State v. Marshall*, 188 N.C. App. 748,

656 S.E.2d 709, 715, *disc. review denied*, 362 N.C. 368, 661 S.E.2d 890 (2008).[3]

According to N.C. Gen. Stat. § 14-27.4A(a), which is entitled "Sexual offense with a child; adult offender," "[a] person is guilty of sexual offense with a child if the person is at least 18 years of age and engages in a sexual act with a victim who is a child under the age of 13 years." "A person convicted of violating [N.C. Gen. Stat. § 14-27.4A(a)] is guilty of a Class B1 felony and . . . in no case shall the person receive an active punishment of less than 300 months." N.C. Gen. Stat. § 14-27.4A(b). On the other hand, N.C. Gen. Stat. §

---

[3]The general principles applicable to the validity of indictments in rape and sexual offense cases have been altered, to some extent, by the enactment of statutory provisions authorizing the use of "short form" indictments in such cases. *E.g.* N.C. Gen. Stat. § 15-144.1 (authorizing the use of "short form" Indictments in rape cases) and N.C. Gen. Stat. § 15-144.2 (authorizing the use of "short form" indictments in sexual offense cases). Although the General Assembly has created a number of additional criminal offenses involving rape and sexual offense since the enactment of N.C. Gen. Stat. §§ 15-144.1 and 15-144.2, including, but not limited to, N.C. Gen. Stat. § 14-27.4A, this Court has allowed the use of "short form" indictments in charging the commission of violations of those more recently enacted statutory provisions. *E.g.*, *State v. Daniels*, 164 N.C. App. 558, 564-65, 596 S.E.2d 256, 260, *disc. review* denied, 359 N.C. 71, 604 S.E.2d 918 (2004) (upholding the use of a "short form" indictment to charge a violation of N.C. Gen. Stat. § 14-27.7A, which makes vaginal intercourse or another sexual act committed against a child aged 13, 14, or 15 a crime); *State v. Bradley*, 179 N.C. App. 551, 558-59, 634 S.E.2d 258, 263 (2006) (same). As a result, as Defendant implicitly concedes, the fact that a "short form" indictment was utilized in this case has no bearing upon a proper resolution of Defendant's challenge to the trial court's judgment.

14-27.4(a)(1), which is entitled "First-degree sexual offense," provides that "[a] person is guilty of a sexual offense in the first degree if the person engages in a sexual act" with "a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim." "Any person who [violates N.C. Gen. Stat. § 14-27.4(a)(1)] is guilty of a Class B1 felony." N.C. Gen. Stat. § 14-27.4(b). The essential difference between the offense delineated in N.C. Gen. Stat. § 14-27.4A(a) and the offense delineated in N.C. Gen. Stat. § 14-27.4(a)(1) is that proof of guilt of the offense specified in the former, but not the latter, of these two statutory provisions requires proof that the defendant was at least 18 years of age at the time of the commission of the offense.

Although an "indictment must[, as Defendant contends,] 'so plainly, intelligibly and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged,'" *State v. Nicholson*, 78 N.C. App. 398, 401, 337 S.E.2d 654, 656-57 (1985) (quoting *State v. Coleman*, 253 N.C. 799, 801, 117 S.E.2d 742, 744 (1961)), the extent to which any particular indictment complies with this principle necessarily hinges on an analysis of the text of the indictment rather than upon the

caption or similar components of the relevant charging instrument. As this Court held in *State v. Mueller*, "although an indictment may cite to the wrong statute, when the body of the indictment is sufficient to properly charge defendant with an offense, the indictment remains valid and the incorrect statutory reference does not constitute a fatal defect." 184 N.C. App. 553, 574, 647 S.E.2d 440, 455 (citing *State v. Jones*, 110 N.C. App. 289, 290-91, 429 S.E.2d 410, 411-12 (1993), and *State v. Reavis*, 19 N.C. App. 497, 498, 199 S.E.2d 139, 140 (1973)), *cert. denied*, 362 N.C. 91, 657 S.E.2d 24 (2007). As a result, any confusion arising from the caption, the statutory citations, or other information contained in an indictment aside from the language in which the offense allegedly committed by the defendant is described is insufficient to render the indictment in question fatally defective.

A careful examination of the language contained in the relevant count of the indictment returned against Defendant clearly indicates that the grand jury had charged Defendant with violating N.C. Gen. Stat. § 14-27.4A(a) rather than N.C. Gen. Stat. § 14-27.4(a)(1). As we have previously noted, the count in question alleges that Defendant "did engage in a sexual offense with [Tonya], a child under the age of 13 years. At the time of the offense the defendant was 26 years of age, and over

the age of 18." As Defendant concedes, the count in question "asserts facts supporting every element" of the offense defined in N.C. Gen. Stat. § 14-27.4A(a). Although the language set out in the relevant count of the indictment returned against Defendant might suffice to allege the commission of an act made punishable by N.C. Gen. Stat. § 14-27.4(a)(1), the allegation to the effect that Defendant was "over the age of 18," which is not an element of the offense specified in N.C. Gen. Stat. § 14-27.4(a)(1) and is an element of the offense specified in N.C. Gen. Stat. § 14-27.4A(a), provides a clear indication that the grand jury intended to charge Defendant with violating N.C. Gen. Stat. § 14-27.4A(a) rather than N.C. Gen. Stat. § 14-27.4(a)(1). Thus, as the trial court recognized, a careful review of the language in which the relevant count of the indictment is couched clearly indicates that Defendant had ample notice that he had been charged with committing the offense defined in N.C. Gen. Stat. § 14-27.4A(a) rather than the offense defined in N.C. Gen. Stat. § 14-27.4(a)(1).

In seeking to persuade us to reach a different result, Defendant points to the fact that the indictment indicates that Defendant had been charged with committing a "First Degree Sexual Offense," the fact that the language of the indictment would have supported a conviction for committing the offense

described in N.C. Gen. Stat. § 14-27.4(a)(1) as well as the offense described in N.C. Gen. Stat. § 14-27.4A(a), and the fact that Defendant and his trial counsel were initially confused about the exact nature of the offense that he was charged with committing. We do not find any of these arguments persuasive. According to the principle enunciated in *Mueller*, the fact that the indictment might have labelled the offense that Defendant was charged with committing erroneously does not invalidate the indictment in question as long as the underlying offense is clearly alleged in the language of the pertinent count set out in that criminal pleading. Similarly, given that an indictment suffices to support a conviction for both a principal offense and any lesser included offenses, *see State v. Yelverton*, 334 N.C. 532, 544, 434 S.E.2d 183, 190 (1993) (citing *State v. Thomas*, 325 N.C. 583, 591, 386 S.E.2d 555, 559 (1989)) (holding that "[i]nvoluntary manslaughter and second-degree murder are lesser-included offenses supported by an indictment charging murder in the first degree"), the fact that an indictment could be read to charge multiple offenses does not render that indictment fatally defective. Moreover, the fact that the allegations contained in the indictment returned against Defendant, if established, would have supported the return of a verdict convicting Defendant of violating N.C. Gen. Stat. § 14-

27.4(a)(1) does not compel the conclusion that the indictment in question is invalid given the inclusion of a reference to the fact that Defendant was more than 18 years old, an allegation that would have been unnecessary in the event that the grand jury was attempting to charge Defendant with violating N.C. Gen. Stat. § 14-27.4(a)(1) and was essential in the event that the grand jury was attempting to charge Defendant with violating N.C. Gen. Stat. § 14-27.4A(a). Finally, the fact that Defendant, his trial counsel, and, perhaps, others may have understood that the indictment charged Defendant with violating N.C. Gen. Stat. § 14-27.4(a)(1) rather than N.C. Gen. Stat. § 14-27.4A(a) does not render the indictment at issue here invalid given that the allegations of the relevant count of the indictment clearly charged Defendant with violating N.C. Gen. Stat. § 14-27.4A(a). As a result, given our conclusion that the indictment returned against Defendant clearly indicated that he had been charged with violating N.C. Gen. Stat. § 14-27.4A(a) and our conclusion that none of the arguments that Defendant has advanced in an effort to persuade us that the indictment underlying the trial court's judgment was fatally defective have any merit, Defendant has not shown that he is entitled to relief from the trial court's judgment.

## III. Conclusion

Thus, for the reasons set forth above, we conclude that Defendant's sole challenge to the trial court's judgment lacks merit. As a result, the trial court's judgment should, and hereby does, remain undisturbed.

NO ERROR.

Judges MCGEE and STEELMAN concur.

Report per Rule 30(e).