MURPHY, Judge.
 

 *645
 
 Defendant argues the trial court erred in three ways regarding his prosecution and conviction for discharging a weapon into an occupied dwelling, but fails to show that the trial court erred (1) in entering its judgment against him for that offense, (2) proceeding based on the State's indictment, or (3) in failing to dismiss the charge for insufficient evidence. We find no error in the trial court's decisions relating to these three issues.
 

 *646
 
 However, although not properly preserved for appeal, we invoke Rule 2 of our Rules of Appellate Procedure in order to prevent manifest injustice and vacate Defendant's conviction for assault by pointing a gun.
 

 BACKGROUND
 

 Defendant, Reginald Lee Jones, was found guilty of (1) discharging a firearm into an occupied dwelling, (2) assault with a deadly weapon, and (3) assault by pointing a gun. In a separate judgment, Defendant was found guilty of fleeing to elude arrest, but does not appeal any issues related thereto. The charges stem from an incident where Defendant fired multiple gunshots in the direction of an individual and his house.
 

 On the evening of 6 July 2014, Defendant was seen slowly driving by and looking at a residence in Onslow County. Eventually, Defendant got out of his car and started yelling at an individual standing near the residence, "Teekay," and "calling out" the individuals inside the house, challenging them to come outside. The exchange escalated to the point where Defendant pulled out a handgun and fired two shots at Teekay. At least one of the two shots went into the exterior wall of the house, at which point the homeowner, Antonio Holley ("Holley"), went to the doorway and yelled that Defendant "ain't doing nothing" but firing shots into the air. Defendant responded by firing two shots at Holley, who was still standing in the doorway of his house, one of which hit him in the arm. Shortly thereafter, a second man inside the house returned fire in Defendant's direction, and Defendant drove away. Upon investigating the scene, police noted damage to Holley's house and the surrounding area.
 

 Defendant was indicted by a Grand Jury for (1) littering, (2) fleeing to elude arrest with a motor vehicle, (3) assault with a deadly weapon with the intent to kill inflicting serious injury, (4) assault by intentionally pointing a gun at a person without legal justification, and (5) discharging a firearm into an occupied dwelling. At trial, the State abandoned the littering charge. The jury returned guilty verdicts on the charges of fleeing to elude arrest, assault with a deadly weapon, assault by pointing a gun, and discharging a firearm into an occupied dwelling, and the trial court entered judgment accordingly. Defendant timely appeals and presents four arguments for our consideration.
 

 ANALYSIS
 

 A. The Trial Court's Judgment
 

 Defendant first argues the trial court's judgment finding him guilty of Class D discharging a firearm into an occupied dwelling is inconsistent
 
 *647
 
 with the jury verdict finding him guilty of "felonious discharging a firearm into an occupied
 
 property
 
 ."
 
 *510
 
 N.C.G.S. § 14-34.1 sets out three levels of felony offense for "Discharging certain barreled weapons or a firearm into occupied property." N.C.G.S. § 14-34.1 (2017). It is a Class C felony to discharge a firearm into an occupied property where "the violation results in serious bodily injury to any person," a Class D felony where the weapon is discharged "into an occupied dwelling," and a Class E felony where the weapon is discharged "into any building, structure, vehicle, aircraft, [etc.]"
 
 Id
 
 . Defendant argues the jury only found him guilty of the Class E offense, so the trial court erred by entering judgment for the Class D offense under N.C.G.S. § 14-34.1. The record indicates otherwise.
 

 Defendant was indicted for discharging "a firearm into an occupied dwelling, a building, ... while it was actually occupied by [Holley] and [another man]." As such, Defendant was on notice from the commencement of this case that the State sought the Class D offense. On the indictment form, the State listed N.C.G.S. § 14-34.1(c) as the statute Defendant allegedly violated, but chose to abandon the "serious bodily injury" portion before charging the jury. After doing so, the State told the trial court it "should be able to proceed on the [charge of] discharging a weapon into an occupied
 
 property or dwelling
 
 ." The trial court agreed and used the State's imprecise language, conflating property with dwelling, throughout the remainder of Defendant's trial.
 

 During the jury charge, the trial court instructed, "[D]efendant has been charged with discharging a firearm into occupied property." However, the trial court went on to describe that property exclusively and repeatedly as Holley's "house[:]"
 

 The defendant has been charged with discharging a firearm into occupied property. For you to find the defendant guilty of this offense, the state must prove three things, beyond a reasonable doubt. First, that the defendant willfully or wantonly discharged a firearm into a
 
 house
 
 at [Holley's address]. ... Second, that [Holley's]
 
 house
 
 ... was occupied by one or more persons at the time that the firearm was discharged. Third, that the defendant knew that [Holley's]
 
 house
 
 ... was occupied by one or more persons.
 

 Based on that instruction, when the jury found Defendant guilty of "discharging a firearm into an occupied property[,]" the property to which they referred was Holley's "house" described throughout their instruction.
 

 *648
 
 We have previously held that "dwelling" under N.C.G.S. § 14-34.1(b) is synonymous with "apartment,"
 
 State v. Bryant
 
 ,
 
 244 N.C.App. 102
 
 , 107-08,
 
 779 S.E.2d 508
 
 , 512-13 (2015), and "residence."
 
 State v. Curry
 
 ,
 
 203 N.C.App. 375
 
 , 382,
 
 692 S.E.2d 129
 
 , 136 (2010). Similarly, Black's Law Dictionary defines "house" as "[a] dwelling;" and the word "dwelling" is itself shorthand for "dwelling-house." Black's Law Dictionary (9th ed. 2009). Furthermore, in
 
 Curry
 
 we held a verdict sheet finding the defendant "guilty of discharging a firearm into occupied property"-the same as the verdict sheet here-was a sufficient basis for the trial court to enter judgment for the Class D offense under N.C.G.S. § 14-34.1(b).
 
 Curry
 
 ,
 
 203 N.C.App. at 382-83
 
 ,
 
 692 S.E.2d at 136
 
 . The trial court's judgment sentencing Defendant for the Class D felony of discharging a firearm into an occupied dwelling is consistent with the record and the jury's guilty verdict.
 

 B. Indictment
 

 Defendant next argues we "should arrest the judgment against [Defendant] for discharging a weapon into an occupied dwelling due to a fatal defect in the indictment." Defendant argues the indictment was fatally flawed because it charged him with discharging a weapon into occupied property causing serious bodily injury, but "failed to allege that any injury resulted from the discharging of the firearm into the occupied property." We disagree.
 

 Defendant's argument is based on the indictment's reference to "[N.C.G.S. §] 14-34.1(c)" as being the violated statute. However, we have previously held that the statutory reference on an indictment "is surplusage and can be disregarded."
 
 State v. Jones
 
 ,
 
 110 N.C.App. 289
 
 , 292,
 
 429 S.E.2d 410
 
 , 412 (1993). The body of Defendant's indictment charges him, in relevant part, with "unlawfully,
 
 *511
 
 willfully, and feloniously [discharging] ... a firearm into an occupied dwelling ...." "[I]t is not the function of an indictment to bind the hands of the State with technical rules of pleading; rather, its purposes are to identify clearly the crime being charged."
 
 State v. Sturdivant
 
 ,
 
 304 N.C. 293
 
 , 311,
 
 283 S.E.2d 719
 
 , 731 (1981). Here, Defendant's indictment clearly identifies the crime being charged. Furthermore, as was the case in
 
 Jones
 
 , "Defendant cannot complain that [he] was unaware of the acts for which [he] was charged and if anything ... benefited by the State's decision to proceed [under N.C.G.S. § 14-34.1(b) ] because it reduced [his] level of punishment from a Class C to a Class D felony."
 
 Jones
 
 ,
 
 110 N.C.App. at 292
 
 ,
 
 429 S.E.2d at 413
 
 . The indictment was not fatally defective, and we need not arrest judgment.
 
 *649
 

 C. Dismissal for Insufficient Evidence
 

 1. Discharging a Firearm into an Occupied Dwelling
 

 Defendant's third argument is that the trial court "erred by failing to dismiss the charge of discharging a weapon into an occupied property." Specifically, Defendant argues the State "failed to demonstrate that [Defendant] knew the property was occupied when he fired the first two shots" into Holley's house and that the charge should have been dismissed for insufficient evidence.
 

 "When reviewing a sufficiency of the evidence claim, this Court considers whether the evidence, taken in the light most favorable to the [S]tate and allowing every reasonable inference to be drawn therefrom, constitutes substantial evidence of each element of the crime charged."
 
 State v. Taylor
 
 ,
 
 362 N.C. 514
 
 , 538,
 
 669 S.E.2d 239
 
 , 261 (2008) (internal quotation marks omitted). "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.
 

 Id.
 

 One is guilty of felony discharging a firearm into an occupied dwelling where he intentionally discharges a firearm into a building that he knows, or "has reasonable grounds to believe," is occupied by one or more persons.
 
 State v. Williams
 
 ,
 
 284 N.C. 67
 
 , 73,
 
 199 S.E.2d 409
 
 , 412 (1973). Eyewitness Gary John ("John") testified that, before discharging his firearm, Defendant stepped out of his car and loudly "called out" the individuals inside Holley's house, challenging them to come outside. John had been standing in the doorway of Holley's house and speaking with Holley just a few minutes earlier when Defendant slowly drove past, looking at the dwelling. Viewed in the light most favorable to the State, a reasonable mind might certainly accept the above evidence as adequate to support the conclusion that Defendant knowingly discharged a firearm into a dwelling he knew to be occupied.
 

 Substantial evidence indicates Defendant intentionally discharged a firearm into a dwelling he knew or had reasonable grounds to believe was occupied at the time, and the trial court did not err in declining to dismiss this charge for insufficient evidence.
 

 2. Assault by Pointing a Gun
 

 In his final argument on appeal, Defendant contends the trial court erred in failing to dismiss one of the assault charges against him because the evidence presented at trial "supported only a single assault charge." At trial, Defendant's counsel never moved to dismiss the assault charges against him, which renders this argument unpreserved for appellate
 
 *650
 
 review. N.C. R. App. P. 10(a)(1) (2019). Nevertheless, Defendant argues we should invoke Rule 2 to reach this error and "prevent manifest injustice."
 

 In urging us to invoke Rule 2, Defendant argues he could not properly be charged for two separate assaults on Holley-one by pointing a gun and the other with a deadly weapon (as a result of the gunshots)-based on the evidence presented at trial. These charges are related but distinct, and Defendant was indeed convicted of both based upon his actions directed toward Holley.
 

 After careful review of the record, we agree with Defendant's contention that the only evidence regarding the two alleged assaults came from John's testimony that, "the victim ... Holley, comes out yelling, 'You ain't doing nothing. You're just shooting in the air.' That was-the reaction from that was two more bam bams, quick double taps,
 
 *512
 
 from the shooter." This testimony is the sole evidence for Defendant's two assault convictions. The State does not argue otherwise, or point us to any other facts from which a reasonable mind might infer Defendant assaulted Holley. We invoke Rule 2 in order to reach this issue and prevent manifest injustice to Defendant.
 

 We have held, "In order for a defendant to be charged with multiple counts of assault, there must be multiple assaults. This requires evidence of a distinct interruption in the original assault followed by a second assault."
 
 State v. Maddox
 
 ,
 
 159 N.C.App. 127
 
 , 132-33,
 
 583 S.E.2d 601
 
 , 604-05 (2003) (internal citation and quotation marks omitted) (declining to find multiple distinct assaults where the evidence "indicate[d] that all five shots were fired in rapid succession");
 
 see also
 

 State v. Brooks
 
 ,
 
 138 N.C.App. 185
 
 , 190,
 
 530 S.E.2d 849
 
 , 852-53 (2000) (allowing only one assault charge where three gunshots were fired almost simultaneously). "The elements of the offense of assault by pointing a gun are: (1) pointing a gun at a person; (2) without legal justification."
 
 State v. Dickens
 
 ,
 
 162 N.C.App. 632
 
 , 638,
 
 592 S.E.2d 567
 
 , 572 (2004) ;
 
 see
 
 N.C.G.S. § 14-34 (2017). "The elements of the offense of assault with a deadly weapon are: (1) an assault of a person; (2) with a deadly weapon."
 

 Id.
 

 ;
 
 see
 
 N.C.G.S. § 14-33(c)(1) (2017). An individual could be charged with both substantive offenses for acts broken up by a distinct interruption-such as keeping the gun aimed at the victim for a brief period or taking a moment of contemplation before firing the gun at the victim and thereby committing a distinct assault with the deadly firearm-but the cold record in this case evinces no such interruption.
 

 Defendant's two assault charges arise out of two acts that occurred in rapid succession and seemingly without interruption: raising his gun
 
 *651
 
 and firing. The evidence here is not sufficient to allow a reasonable mind to conclude there was any interruption in Defendant's act of raising his gun and firing at Holley such that he could have been convicted of two separate assaults. We vacate the trial court's judgment as to the assault by pointing a gun conviction in order to prevent a manifest injustice.
 

 During sentencing, the trial court ordered, "under the Class D felony of discharging a weapon into occupied property, assault by pointing a gun and assault with a deadly weapon, all of those are consolidated for one judgment, under the Class D[.]" Defendant's prior felony record level was I, and he was sentenced to an active sentence, near the top of the presumptive range, of 60 to 84 months. Where multiple convictions are consolidated into one judgment "but one of the convictions was entered in error, the proper remedy is to remand for resentencing when the appellate courts are unable to determine what weight, if any, the trial court gave each of the separate convictions in calculating the sentences imposed upon the defendant."
 
 State v. Hardy
 
 ,
 
 242 N.C.App. 146
 
 , 160,
 
 774 S.E.2d 410
 
 , 420 (2015) (internal alterations and citation omitted). As we are unable to determine what weight, if any, the trial court gave to the erroneously entered assault conviction, we must remand for resentencing.
 

 CONCLUSION
 

 Defendant fails to show that the trial court erred in entering its judgment against him for discharging a firearm into an occupied dwelling, proceeding based on the State's indictment, or in failing to dismiss the charge of discharging a firearm into an occupied dwelling. Although not properly preserved for appeal, we invoke Rule 2 to vacate the charge of assault by pointing a gun in order to prevent a manifest injustice, and remand for resentencing.
 

 NO ERROR IN PART; VACATED IN PART; REMANDED FOR RESENTENCING.
 

 Judges DILLON and ARROWOOD concur.