IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-756

Filed 12 September 2023

Pitt County, No. 20 CRS 53739

STATE OF NORTH CAROLINA

       v.

KENDRA MARIA DANIELS, Defendant.

Appeal by Defendant from judgment entered 17 February 2022 by Judge Thomas D. Haigwood in Pitt County Superior Court. Heard in the Court of Appeals 7 March 2023.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Kimberly Randolph, for the State.*

> *Currie Law Offices, PC, by Patrick W. Currie, for defendant-appellant.*

MURPHY, Judge.

A trial court may only revoke a defendant's probation if the defendant commits a new criminal offense, absconds, or violates any condition after previously serving two periods of confinement in response to violations. As long as one of these conditions is met, the trial court may exercise its sound discretion in determining whether revocation is appropriate. When a trial court indicates in its written order that factors outside of these three conditions constituted sufficient bases to revoke the defendant's probation and we cannot determine what weight the trial court gave to each of the relevant factors at defendant's revocation hearing, we vacate the

revocation order and remand for a new revocation hearing in which the trial court properly exercises its discretion. However, when the written order improperly indicates that additional factors constituted sufficient bases to revoke probation, but we are nevertheless able to determine that the trial court understood and exercised its discretion by weighing the appropriate bases for revocation, we modify the findings to reflect only the appropriate bases for revocation and affirm the revocation.

## BACKGROUND

On 1 March 2021, Defendant pled guilty to driving while impaired based on an arrest on 8 July 2020. The trial court gave her a 12-month sentence, suspended for 36 months of supervised probation; ordered her to surrender her license; and added a condition to her probation forbidding the possession or consumption of alcohol or controlled substances and authorizing warrantless searches for such substances.

On 12 November 2021, Defendant's probation officer filed a violation report with the court, citing three positive results for marijuana drug screens, delinquency on court payments, and commission of a new criminal offense on 14 June 2021. On 13 January 2022, Defendant's probation officer filed a second violation report for a fourth positive marijuana drug screen.

On 17 February 2022, Defendant admitted to the violations contained in the two reports. During the revocation hearing, the State noted that Defendant attended her meetings with her probation officer, and, because of this partial compliance, Defendant requested the trial court exercise its discretion to order a confinement in

response to violation rather than revocation. However, the trial judge stated, "I find the violations to be willful and intentional[,] and therefore I am going to revoke her probation . . . ." He subsequently activated her 12-month sentence. On 24 February 2022, the trial court amended its 17 February 2022 judgment to reflect an activated sentence of 6 months.

In both its *Impaired Driving Judgment and Commitment Upon Revocation of Probation*, form AOC-CR-343, and its amended version of this form judgment, the trial court checked boxes indicating it made the following findings:

> 4. Each of the conditions violated as set forth [in Paragraphs 1-4 of the 12 November 2021 Violation Report and Paragraph 1 of the 13 January 2022 Violation Report] is valid. The defendant violated each condition willfully and without valid excuse and each violation occurred at a time prior to the expiration or termination of the period of the defendant's probation.
>
> . . . .
>
> 5. The [trial court] may revoke defendant's probation . . .
>     a. for the willful violation of the condition(s) that he/she not commit any criminal offense, [N.C.G.S. §] 15A-1343(b)(1), or abscond from supervision, [N.C.G.S. §] 15A-1343(b)(3a), as set out above.

Defendant timely appealed.

## ANALYSIS

"A trial court may only revoke probation for committing a criminal offense or absconding, except as provided in N.C.G.S. § 15A-1344(d2)." *State v. Newsome,* 264 N.C. App. 659, 661 (2019) (marks omitted); *see* N.C.G.S. § 15A-1344(a) (2022). For

other violations of probation, "a defendant under supervision for a felony conviction" may be subject to "a period of confinement of 90 consecutive days" and "a defendant under supervision for a misdemeanor conviction not sentenced pursuant to Article 81B[,]" such as a defendant in an impaired driving case, may be subject to "a period of confinement of *up to* 90 consecutive days." N.C.G.S. § 15A-1344(d2) (2022) (emphasis added).

We have previously held that, when a trial court makes a written finding that each violation is a sufficient basis upon which it may revoke probation, "the written order controls for purposes of appeal." *State v. Hemingway*, 278 N.C. App. 538, 544 (2021) (quoting *State v. Johnson,* 246 N.C. App. 677, 684 (2016)) (marks omitted). In *Hemingway*, although the trial court judge made a verbal finding that "the basis of [] revocation is that [the defendant] has committed a new criminal offense," *id.*, we reversed the trial court's written finding that the defendant's positive drug test was adequate to revoke his probation. However, the judgment revoking the defendant's probation in *Hemingway* was ultimately vacated and remanded on other grounds. *Id.* at 552.

In its judgment revoking Defendant's probation, the trial court checked finding box 4, which states "each violation is, in and of itself, a sufficient basis upon which [the trial court] should revoke probation and activate the suspended sentence." Defendant argues this is an "obvious[] err[or]" in violation of N.C.G.S. § 15A-1344(a) because the trial court made a finding of fact that *all* alleged violations constitute a

basis for revocation. Defendant contends the trial court improperly failed to consider "that some of the alleged violations were not revocable offenses, and therefore the totality of the circumstances may not justify the ultimate punishment of revocation of probation."

Defendant further asserts the trial court's finding within box 4 reflects a failure to exercise its discretion, which resulted in prejudice to Defendant. Defendant is correct that, under N.C.G.S. § 15A-1344(a), only Defendant's commission of a new offense on 14 June 2021 would support the trial court's decision to revoke her probation. However, the trial court also checked the box for finding 5 and the box for subpart (a) within that finding. This subpart made the finding that the trial court "may revoke [D]efendant's probation . . . for the willful violation of the condition(s) that he/she not commit any criminal offense . . . ." While Defendant contends that the written order reflects that the trial court "believed that all of the violations of probation constituted a basis of revocation, and not just [the one] authorized by statute" and therefore it "could not have properly exercised its discretion in determining the appropriate judgment for [Defendant,]" the State argues the trial court's finding in 5(a) demonstrates that "checking box number 4 was a clerical error." In *Hemingway*, we declined to hold that such an error was clerical in nature and reversed the finding; however, in *Hemingway*, we did not have an opportunity to analyze the appropriate remedy for this reversible error by the trial court. We have, however, had opportunities to address similar issues with regard to sentencing.

In *State v. Hardy*, we held the appropriate remedy "[w]hen a trial court consolidates multiple convictions into a single judgment but one of the convictions was entered in error . . . is to remand for resentencing when the appellate courts 'are *unable to determine what weight*, if any, the trial court gave each of the separate convictions . . . in calculating the sentences imposed upon the defendant.'" *State v. Hardy*, 242 N.C. App. 146, 160 (2015) (quoting *State v. Moore*, 327 N.C. 378, 383 (1990)) (emphasis added); *see also State v. Jones*, 265 N.C. App. 644, 651 (2019) ("As we are *unable to determine what weight, if any*, the trial court gave to the erroneously entered assault conviction, we must remand for resentencing.") (emphasis added). Although we review an order revoking probation based upon multiple violations in this case rather than a sentencing order based upon multiple convictions, the underlying jurisprudential considerations remain the same. The principle that we remand when the trial court considered an erroneous basis in its discretionary punishment decision and we are unable to determine what weight the trial court gave to each of the violations of law, including the erroneous one, in reaching its decision ensures the trial court exercised its discretion and restrained Defendant's liberty as a conscious and fully informed decision. *See State v. Robinson*, 383 N.C. 512, 523 (2022) (holding that, if a review of the trial court's commentary and rationale underlying its sentencing decision makes apparent "that the trial court was fully familiar with its given statutory discretion" to impose a lesser judgment if it "desired to do so[,]" an appellate court may find no abuse of discretion, despite remarks which

a defendant argues may suggest the trial court's misunderstanding of its ability to exercise such discretion).

In *Hardy*, the defendant was convicted of both larceny and felonious possession of stolen goods and sentenced at the midpoint of the allowable mitigated range under the appropriate guidelines. *Hardy*, 242 N.C. App. at 160-61. Later that same day, the trial court – likely upon its recognition that a defendant cannot be convicted of both of these offenses for the same conduct – arrested judgment on the conviction for possession of stolen goods but did not alter the length of the defendant's sentence. *Id.* at 161. The trial court's initial sentence based on the two convictions remained within the allowable guidelines for larceny; however, we remanded the case to the trial court for resentencing within the trial court's discretion, as we had no way to determine "whether the trial court gave any weight to [the improper conviction] when it [originally] sentenced defendant in the middle of the mitigated range instead of at a lower point in that range." *Id.* In *Jones*, we applied *Hardy* and remanded to the trial court for resentencing where the defendant was erroneously convicted of two assault charges, rather than one, and sentenced at the high end of the presumptive range. *Jones*, 265 N.C. App. at 650-51.

Here, unlike in *Hardy* and *Jones*, we are able to ascertain that the trial court properly weighed the probation violations, as it acknowledged by checking the box for finding 5(a) that the revocation of Defendant's probation was based upon the commission of a new criminal offense.

## <u>CONCLUSION</u>

Although the trial court improperly found that each of Defendant's probation violations constituted sufficient bases upon which to revoke her probation, it is clear from the trial court's indication in the same judgment that it properly considered and understood the statutory basis for revoking Defendant's probation and properly exercised its discretion. We affirm the trial court's judgment revoking Defendant's probation; however, we reverse the trial court's finding 4.

AFFIRMED AS MODIFIED.

Judges ARROWOOD and RIGGS concur.